United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br><br>         Plaintiff,<br><br>   v.<br><br>IBABY LABS, INC.,<br><br>         Defendant. | Case No. 15-cv-05790-JST<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 23 |

The Court requests supplemental briefing from the parties addressing whether the pleading standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) applies to claims of direct patent infringement as a result of the abrogation of Federal Rule of Civil Procedure 84 and Form 18,[1] or if the pleading standard in K-Tech Telecomm., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1283 (Fed. Cir. 2013) still applies,[2] as this Court held prior to the abrogation of Rule 84 and Form 18 in JDS Uniphase Corp. v. CoAdna Photonics, Inc., No. 14-cv-01091-JST, 2014 WL 2918544, at *2–3 (N.D. Cal. June 26, 2014). The Court further requests supplemental briefing from the parties addressing whether Plaintiff has stated a claim for direct patent infringement under the Twombly pleading standard, assuming that standard applies.

In addition, the parties should discuss what specific requirements the application of the Twombly pleading standard would impose in the context of a patent case. Raindance Techs., Inc. v. 10x Genomics, Inc., No. CV 15-152-RGA, 2016 WL 927143, at *1 (D. Del. Mar. 4, 2016), for

---

[1] See, e.g., Rembrandt Patent Innovations LLC v. Apple Inc., No. 14-cv-05093-WHA, 2015 WL 8607390, at *2 (N.D. Cal. Dec. 13, 2015).
[2] See, e.g., Hologram USA, Inc. v. Pulse Evolution Corp., No. 2:14-cv-0772-GMN-NJK, 2016 WL 199417, at *2 n.1 (D. Nev. Jan. 15, 2016) (applying the K-Tech pleading standard because "the Advisory Committee note associated with this change directly states, 'The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8.'").

1  example, suggests that a direct patent infringement plaintiff must tie each asserted claim limitation
2  to the accused product.[3]

3  Opening supplemental briefs, not to exceed 15 pages in length, are due by May 20, 2016 at
4  5:00 p.m.  Either party may, but is not required to, file a reply supplemental brief of not more than
5  10 pages by June 10, 2016 at 5:00 p.m.  A hearing on Defendant's motion to dismiss and the
6  supplemental briefing is scheduled for July 7, 2016 at 2:00 p.m.

7  IT IS SO ORDERED.

8  Dated: April 29, 2016

    _____
    JON S. TIGAR
    United States District Judge

---

[3] The parties may suggest that this Court impose a similar requirement or something different; the Court offers the Raindance case solely as an example of how one Court has applied Twombly in the patent context.

2