United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.DIGITAL CORPORATION,<br>Plaintiff,<br>v.<br>IBABY LABS, INC.,<br>Defendant. | Case No. 15-cv-05790-JST<br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: ECF No. 23 |

Before the Court is Defendant iBaby Labs, Inc.'s ("iBaby") Motion to Dismiss Plaintiff e.Digital Corp.'s ("e.Digital") First Amended Complaint. ECF No. 23. The Court will grant the motion with leave to amend.

## I. BACKGROUND

On December 17, 2015, e.Digital filed a Complaint against iBaby, asserting claims for patent infringement. ECF No. 1. On February 9, 2016, e.Digital filed a First Amended Complaint ("FAC"). ECF No. 20. The FAC alleges that iBaby infringes five of e.Digital's patents: U.S. Patent No. 8,311,522 ("the '522 patent"), U.S. Patent No. 8,306,514 ("the '514 patent"), U.S. Patent No. 8,311,524 ("the '524 patent"), U.S. Patent No. 9,002,331 ("the '331 patent"), and U.S. Patent No. 9,178,983 ("the '983 patent") (collectively, the "patents-in-suit"). Id. ¶¶ 10–14. Each of the patents-in-suit is entitled: "System and Method for Managing Mobile Communications." Id. For each of the patents-in-suit, the FAC identifies between two and six claims, which e.Digital alleges iBaby infringes both directly and indirectly. Id. ¶¶ 17, 29, 41, 53, 65.

The FAC describes the accused products as follows: "iBaby baby monitors/wireless camera systems, including, without limitation, iBaby Monitor M6, iBaby Monitor M6T, and iBaby Monitor M2." Id. ¶ 9. The FAC also includes the following description for the accused products,

which is identical for each of the patents-in-suit:

> Generally speaking, the accused iBaby System utilizes sensors, such as cameras and microphones, for generating sensor data related to the environment of the sensor devices to provide different alerts to users and others regarding activity around the sensor devices. The iBaby System further stores in memory a plurality of templates containing light and audio parameters used in classifying activities, such as, for example, motion detection. Sensor data is compiled by the iBaby System's cloud servers or other processing devices and compared to the parameters of one or more templates. When detected activity satisfies certain criteria as determined by the iBaby System cloud servers/processors, the iBaby System utilizes a hierarchy, configured either for levels of what iBaby refers to as "user access authority" and/or configured for performing varying operations, such as, among other things, sending alerts or other information to users and others via "push" notifications to iOS mobile devices through the iBaby mobile application or via email (using, e.g., a MSN "friends list") to mobile or desktop devices or by uploading images to a FTP server. The Accused Products further use a non-transitory cloud server, which stores processing instructions for carrying out the limitations of the Accused Products.

Id. ¶¶ 16, 28, 40, 52, 64.

On March 1, 2016, iBaby filed a Motion to Dismiss the FAC. ECF No. 23. On April 29, 2016, the Court requested supplemental briefing from the parties regarding the applicable pleading standard in patent infringement cases in light of the abrogation of Federal Rule of Civil Procedure 84 and Form 18. ECF No. 34.

## II.   JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 687. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## IV. ANALYSIS

### A. Direct Infringement

#### 1. The Abrogation of Rule 84 and Form 18

Until recently, courts have analyzed whether a complaint alleging direct patent infringement sufficiently pleaded a claim by comparing the allegations in the complaint with Form 18 of the Federal Rules of Civil Procedure. See K-Tech Telecommunications v. Time Warner Cable, Inc., 714 F.3d 1277, 1283 (Fed. Cir. 2013) (holding that "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control"). Form 18, which set forth an example direct patent infringement complaint, required:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

K-Tech, 714 F.3d at 1283 (quoting McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007)). A complaint alleging each of these elements "effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading." Id.

As of December 1, 2015, however, Form 18 is no longer contained in the Federal Rules of Civil Procedure. See Atlas IP LLC v. Pacific Gas and Electric Co., No. 15-cv-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) (noting that "amendments to the Federal Rules of Civil Procedure that took effect on December 1, 2015 abrogated Rule 84, which provided that '[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate' and the Appendix of Forms, including Form 18)". Since the abrogation

of Rule 84 and Form 18, district courts have disagreed on the pleading standard for direct patent infringement claims. The majority of courts have found that the *Twombly* pleading standard now applies to direct patent infringement claims and that complaints which merely comply with Form 18 are no longer immunized from attack on that basis. See Atlas IP, 2016 WL 1719545, at *2 ("Under the amended rules, allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal* . . . ."); Rembrandt Patent Innovations LLC v. Apple Inc., No. 14-cv-05094-WHA, 2015 WL 8607390, at *2 (N.D. Cal. Dec. 13, 2015) ("Rule 84 has been abrogated, so [the line of Federal Circuit cases holding that Form 18 controls over the *Twombly* pleading standard] no longer applies."); Avago Technologies General IP (Singapore) PTE Ltd. v. Asustek Computer, Inc., No. 15-cv-4525-EMC, 2016 WL 1623920, at *4 (N.D. Cal. April 25, 2016) ("For purposes of this opinion, the Court assumes . . . that Form 18 no longer provides the proper measure for the sufficiency of a complaint."); Incom Corp. v. The Walt Disney Company, No. 15-cv-3011-PSG, ECF No. 39, at *3 (C.D. Cal. Feb. 4, 2016) ("Form 18 no longer provides a safe harbor for pleading direct infringement."). However, at least one court has concluded that a plaintiff still sufficiently pleads a claim for direct patent infringement if the complaint complies with Form 18. See Hologram USA, Inc. v. Pulse Evolution Corp., No. 14-cv-0772-GMN-NJK, 2016 WL 199417, at *2 (D. Nev. Jan. 15, 2016).

In so holding, the Hologram court relied exclusively on the fact that "the Advisory Committee note associated with [the abrogation of Rule 84 and Form 18] directly states, 'The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8.'" Id. at *2 n.1. The Hologram court appears to have reasoned that the Form 18 exception to Twombly recognized by K-Tech constituted part of the "existing pleading standards," which the Advisory Committee did not intend to alter via the abrogation of Rule 84.

The Court disagrees with this reasoning for two principle reasons. First, it is just as likely, if not more so, that the Advisory Committee used the phrase "existing pleading standards" simply to refer to Twombly and its progeny, but not including the exception recognized by K-Tech. Indeed, nothing in the Advisory Committee note suggests that it was aware of the K-Tech

exception to Twombly. Second, K-Tech's holding was premised on the fact that "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control." 714 F.3d at 1283. Absent Form 18 itself, there is simply no support in the Federal Rules of Civil Procedure for a different pleading standard for direct patent infringement claims. As a result, the Court concludes that former Form 18 no longer controls and that "allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a 'plausible claim for relief.'" Atlas IP, 2016 WL 1719545, at *2; Tannerite Sports, LLC v. Jerent Enterprises, LLC, No. 15-cv-00180, 2016 WL 1737740, at *3 (D. Or. May 2, 2016) (rejecting the Hologram court's reasoning regarding Form 18 and concluding that "a form that no longer exists can no longer control").

**2. Applying the Twombly pleading standard**

Several courts applying the Twombly pleading standard to claims of direct patent infringement since the abrogation of Form 18 have required plaintiffs to plausibly allege that the accused product practices each of the limitations found in at least one asserted claim. See, e.g., Atlas IP, 2016 WL 1719545, at *2 ("[S]imply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient."); Atlas IP, LLC v. Exelon Corp. ("Exelon"), No. 15-cv-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement."); Raindance Techs., Inc. v. 10x Genomics, Inc., No. 15-cv-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (finding complaint failed to state a claim for direct patent infringement after conducting a limitation-by-limitation analysis, comparing the asserted claim to the factual allegations in the complaint).[1] This is because "the failure to meet a single limitation is sufficient to negate infringement of [a] claim." Laitram Corp. v. Rexnord, Inc., 939

---

[1] But see Incom, No. 15-cv-3011, ECF No. 39 at *4 (concluding that "Plaintiff has stated a plausible claim for direct infringement by specifically identifying Defendants' products and alleging that they perform the same unique function as Plaintiff's patent system" without evaluating an exemplary claim on a limitation-by-limitation basis).

F.2d 1533, 1535 (Fed. Cir. 1991). See also Advanced Steel Recovery, LLC v. X-Body Equip., Inc., 808 F.3d 1313, 1319 (Fed. Cir. 2015) (stating that the "establish[ment of] literal infringement, [requires] every limitation set forth in a claim [to] be found in an accused product, exactly."). "Because the failure to practice even a single element is all that separates innovation from infringement, . . . there is always an obvious alternative explanation where a plaintiff does not allege facts about each element." Exelon, 2016 WL 2866134, at *5.

Besides citing to pre-Twombly cases that do not control the Court's analysis under the Twombly pleading standard, ECF No. 38 at 6–7 (citing Phonometrics, Inc. v. Hospitality Franchise Sys., 203 F.3d 790, 794 (Fed. Cir. 2000) and Conley v. Gibson, 355 U.S. 41, 47–48 (1957)), e.Digital does not offer any argument why the Court should not require it to plausibly allege that the accused products practice each of the limitations found in at least one asserted claim. Accordingly, the Court will apply that standard. [2]

In their supplemental briefs, the parties focus their analysis on Claim 17 of the '522 patent (the "exemplary claim"), which claims:

> A method of automatically providing differing levels of information according to a predetermined social hierarchy, the method comprising:

---

[2] To require a patentee to plausibly allege that the accused product practices each of the limitations in at least one asserted claim should not impose an undue burden on most plaintiffs, because a patentee is already required to perform an adequate pre-filing investigation before bringing suit. E.g., MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 916 (Fed. Cir. 2012).

There may be circumstances in which a patentee cannot confirm the fact of infringement without obtaining discovery from the defendant. Perhaps our pleading standards will evolve to permit allegations on information and belief when the facts are in the defendant's sole possession, which is what has happened with regard to the law of fraud. E.g., Alimena v. Vericrest Fin., Inc., 964 F. Supp. 2d 1200, 1215 (E.D. Cal. 2013), as corrected (Aug. 19, 2013) ("Plaintiffs allege on information and belief that Citimortgage made these representations with knowledge of their falsity and an intent to defraud . . . . At the pleading stage, Plaintiffs cannot be expected to have further knowledge of what took place within Citimortgage.") One commentator has suggested, when information is in the sole possession of the defendant, that the defendant move for a more definite statement under Rule 12(e) and identify those portions of the complaint that fail to meet Iqubal/Twombly standards. The Court could then grant the motion if appropriate and order limited discovery targeted to those deficiencies. Scott Dodson, New Pleading, New Discovery, 109 Mich. L. Rev. 53, 85 (2010).

The Court expresses no view at this juncture as to whether any modifications to existing law or practice are required, or whether either of the foregoing approaches might be appropriate.

United States District Court
Northern District of California

> constructing a social signature using sensor data sensed by a sensor set in a communication device, the sensor data comprising a first detected sensor value comprising optical information from an optical sensor of the communication device which detects an amount of light of an environment of the communication device and a second detected sensor value comprising acoustic information from an acoustic sensor of the communication device which detects a sound level of the environment of the communication device;
>
> determining which one of a plurality of social templates has a social signature with a greatest correspondence with the constructed social signature through comparison of the first and second detected sensor values and first and second sensor value ranges of each social template, each social template corresponding to a unique social signature comprising corresponding first and second sensor value ranges and each social template being selectable to provide, for each level of the predetermined social hierarchy, a corresponding differing amount of information to each member of the predetermined social hierarchy;
>
> retrieving from a memory the determined one social template having the greatest correspondence and having the detected amount of light within the first sensor value range, and the detected sound level within the second sensor value range; and
>
> providing to at least one member of the predetermined social hierarchy only as much information as allowed based on the retrieved social template.

e.Digital asserts that the FAC alleges facts related to each of the elements in the exemplary claim. ECF No. 38 at 8–9. According to e.Digital, these facts are all contained in paragraph 16 of the complaint, which the Court quoted earlier in this order. iBaby responds that, at the very least, the FAC does not allege any facts suggesting that the accused products practice the limitation requiring the "retrieving from a memory the determined one social template having the greatest correspondence." ECF No. 46 at 7. While e.Digital has attempted to map most of the elements in the exemplary claim onto its description of the accused products in the FAC, e.Digital has not attempted to map this limitation onto any allegations in the FAC. ECF No. 38 at 9; ECF No. 45 at 5. Moreover, based on the Court's own independent review, it cannot discern how the FAC could be said to plausibly allege this limitation. Accordingly, the Court concludes that the FAC fails to state a claim.[3]

---

[3] The Court declines to consider iBaby's argument that "it is not clear form the FAC what is alleged to be literally infringed and what is alleged to be infringed by [the doctrine of] equivalents." ECF No. 37 at 17. This argument was not raised in iBaby's Motion to Dismiss,

United States District Court
Northern District of California

**B. Indirect Infringement**

e.Digital also asserts claims for indirect infringement of each of the patents-in-suit. "Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement . . . ." Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004). Accordingly, because the Court has already concluded that e.Digital has failed to state a claim for direct infringement, e.Digital's claims for indirect infringement must fail as well.

**CONCLUSION**

The Court grants iBaby's Motion to Dismiss with leave to amend.

IT IS SO ORDERED.

Dated: August 22, 2016

JON S. TIGAR
United States District Judge

ECF No. 23, and is outside of the scope of the Court's request for supplemental briefing, ECF No. 34.